| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for*: | **FILED & ENTERED**<br><br>**APR 06 2026**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY llewis    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>Sabrina Cupid,<br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-19902-NB |
|---|---|
| | CHAPTER: 13 |
| | **ORDER:**<br>☐ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br>☒ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |

**Movant** (*name*): Debtor

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: "Ex Parte Application for Order Shortening Time and Notice of Emergency Motion for Order: (1) Approving Sale of Real Property; (2) Authorizing Sale Free and Clear of Liens; (3) Directing Segregation of Disputed Proceeds; and (4) Granting Related Relief" (dkt. 181, "App for OST")

   b. *Date of filing of motion:* April 1, 2026

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

   *Date of filing of Application*: April 1, 2026

3. Based upon the court's review of the application, it is ordered that:

   a. ☒ The Application is denied as set forth below.  The motion may be brought on regular notice pursuant to LBRs.

   //

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2013                                          Page 1                              **F 9075-1.1.ORDER.SHORT.NOTICE**

<u>Reason for denial of App for OST:</u>

Debtor raises two arguments in support of this Court shortening time for a hearing on her amended sale motion.  First, she states that she will be irreparably harmed if the sale hearing is not heard soon because this Court recently terminated the automatic stay to allow a second-priority lienholder to proceed with a foreclosure of the subject property, so she needs to close escrow before the subject property is lost to foreclosure.  Dkt. 181, p. 4:17-27.  Second, she states that she will be irreparably harmed because the buyer may withdraw their offer to purchase the subject property if a hearing on the sale motion is not heard on an expedited basis.  *Id.* p. 5:1-5.  Neither argument warrants shortening time.

As to the first argument, this Court is not persuaded that Debtor has any equity in the subject property that could be saved by advancing the sale hearing for the reasons set forth in this Court's concurrent order denying Debtor's motion for reconsideration (dkt. 180) of this Court's order terminating the automatic stay under 11 U.S.C. §§ 362(d)(2) & (4) with respect to the second-priority lienholder.  Dkt. 175.  Therefore, unless Debtor can negotiate a deal with the second-priority lienholder to reduce his claim, it does not appear that Debtor will be irreparably harmed if the proposed sale hearing is not heard sooner.

As to the second argument, Debtor elected to self-calendar her original sale motion (dkt. 166) for hearing far into the future – on June 11, 2026 at 8:30 a.m. – and yet now Debtor alleges that the buyer might withdraw the purchase offer if the matter is not heard immediately.  Debtor has not presented any evidence, not even a declaration from the buyer or a broker, in support of her App for OST demonstrating that the buyer genuinely might withdraw the offer if a hearing on Debtor's amended sale motion is not heard sooner, so she has not established the likelihood of any irreparable harm on this ground.

The bottom line is that Debtor has had several months to try to present a realistic potential sale of the subject property – on top of the many earlier months of delay due to bankruptcy cases by her family members – and now after she has missed her deadline to file a sale motion she has presented a completely unrealistic sale (for less than the dollar amount of the liens against that property) and seeks to have this Court order all other parties to respond on a very expedited schedule.  That is not sufficient.  As this Court has stated before, this Court recognizes that it is tragic to lose a home, but that is not a basis for continual extensions of time and imposition of delays on other parties in interest with no evidence of realistic prospects of making a proper use of the bankruptcy system.  Debtor's latest papers appear to be presented not because they are realistic, but solely for purposes of further hindering and delaying creditors.

###

Date: April 6, 2026

Neil W. Bason
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 2                          **F 9075-1.1.ORDER.SHORT.NOTICE**